## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**LESLY R. MARTIN**,

<em>Plaintiff</em>,

*v.*

**MISSISSIPPI STATE HOSPITAL, et al.**,

<em>Defendants</em>.

CAUSE NO. No. 3:23-CV-3147-CWR-LGI

## <u>ORDER</u>

Before the Court are motions to dismiss filed by Mississippi State Hospital and Mississippi Department of Mental Health (together, the "State Defendants"), as well as Bo Blanks. Docket Nos. 13 and 17. Also before the Court is Lesly Martin's motion for leave to file a third amended complaint. Docket No. 20. Upon review, the motions to dismiss will be granted and the motion to amend will be granted in part.

### I.    Factual and Procedural History

Plaintiff Lesly Martin was a contract registered nurse at Mississippi State Hospital ("MSH") from July 2021 to June 2022. In early 2022, Martin reported her coworker, Travis Hodges, to the director of nursing, the night administrator, and his supervisor Defendant Sonya Butler for missing work, leaving his patients unattended, and stealing time from the State. Martin then reported Hodges to the Board of Nursing and the State Auditor.

Following her reports, Martin claims she received fewer shifts at MSH, and that Butler removed her from the schedule. Martin's contract with MSH ended in June 2022 and was not renewed. She applied for a staff position at MSH but was not hired. Martin also was denied

employment at other state agencies, who told Martin that they were unable to hire her because "she was a non-rehire at MSH." Docket No. 10 at ¶ 24.

Martin brought suit against MSH, Mississippi Department of Mental Health, MSH Human Resources Director Bo Blanks, and Sonya Butler. In her second amended complaint, she asserted claims of tortious interference with an employment contract (Count I); wrongful discharge under *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993) (Count II); retaliation and emotional distress (Counts III and IV); race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Counts V and VI); and discrimination and retaliation under 42 U.S.C. §§ 1981 & 1983 (Counts VII and VIII). The present motions followed.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may assert a defense for a plaintiff's "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677–78. The complaint need not have "detailed factual allegations," but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    Discussion

### A.    The State Defendants' Motion to Dismiss

Martin argues that the State Defendants discriminated and retaliated against her in violation of §§ 1981 and 1983. As the State Defendants correctly point out, however, "state agencies are not 'persons' under §1983, and § 1981 does not provide a cause of action against state actors." Docket No. 14 at 1. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989); *Gray v. Miss. Dep't of Rehab. Servs.*, No. 3:21-CV-710-KHJ-LGI, 2022 WL 2915713, at *2 (S.D. Miss. June 24, 2022). Martin does not respond to this argument. The Court, therefore, dismisses her §§ 1981 and 1983 claims against the State Defendants.

B.      **Blanks' Motion to Dismiss**

Martin claims that Blanks tortiously interfered with her employment contract.[1] Blanks argues that "[t]ortious interference is based on 'intermeddling,' but [Martin] does not state how Mr. Blanks intermeddled" with her contract. Docket No. 26 at 2 (citation omitted). Blanks also argues that even if Martin had sufficiently alleged a tortious interference claim, he would nonetheless be privileged to act on Martin's contract under Mississippi law. *Id.; see Morrison v. Miss. Enter. for Tech., Inc.*, 798 So. 2d 567, 574 (Miss. Ct. App. 2001) (explaining that "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person.").

Blanks is correct. Even if the Court finds that Martin has plausibly alleged that Blanks interfered with her employment contract, Martin's second amended complaint does not

---

[1] Though Martin's second amended complaint asserts all eight counts against Blanks, she admits in her response that her "only claim against Mr. Blanks is the tortious interference with a contract." Docket No. 22 at 1. Therefore, the Court dismisses all other claims against Blanks.

allege sufficient facts to support a finding that Blanks acted in bad faith. Therefore, her claim against him is dismissed.

### C.    Motion to Amend

Martin's second amended complaint named Sonya "Butler" as a defendant. On February 20, 2024, Martin unsuccessfully attempted to serve process on that person at MSH. An investigation, however, revealed that Sonya Butler was incorrectly named and should be Sonya "Barber." Martin now seeks leave to file a third amended complaint to replace Sonya "Butler" with Sonya "Barber" as a defendant. Her proposed amended complaint is attached to her motion. *See* Docket No. 20-1.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. It says that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). In determining whether to grant leave to amend, the Court considers (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted).

Defendants jointly oppose Martin's request for leave to amend, arguing that Martin named a defendant without due diligence. While the Court acknowledges Defendants' frustration with Martin's failure to identify the correct Defendant, it is not persuaded that this failure is a substantial reason to deny leave to amend. As Defendants explain, Sonya Butler "does not exist" and "[t]here is a person named Sonya Barber who works at [MSH],

4

and she has a position and name similar to the individual named in the Second Amended Complaint." Docket No. 23 at 2.

Next, Defendants argue that Martin's amendment is futile "because it proposes to assert claims subject to dismissal under Rule 12(b)(6)." *Id.* at 3. Defendants make a valid argument about the futility of Martin's Title VII and *McArn* claims against individual employees like Barber. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002); *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (Miss. 2008). Those claims would be futile. The disposition of Martin's other claims, however, are less clear. The Court will grant Martin's motion to amend to the extent that she not include patently futile claims in it. Barber may file a Rule 12 motion if she elects to.

## IV.    Conclusion

The motions are granted as set forth above. Martin's third amended complaint is due in 14 days.

**SO ORDERED**, this the 30th day of September, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE